# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

JAN WATSON and JACK MITCHELL, )
)
    **Plaintiffs,** )
)
v. ) No. 3:08-cv-516
) (Phillips)
WESTGATE RESORTS, *et al.*, )
)
    **Defendants.** )

## MEMORANDUM AND ORDER

    This matter is before the court on Defendants' Motion for More Definite Statement [Doc. 12], to which plaintiffs responded in opposition [Doc. 16] and defendants replied [Doc. 23]. Plaintiffs' class action complaint [Doc. 1] (though this court has not certified a class) alleges violations of the Fair Labor Standards Act and state law claims of breach of contract and unlawful conversion. Defendants argue that the complaint does not allow them to respond adequately, as plaintiffs' class definitions are ambiguous and self-contradictory. Plaintiffs respond that their complaint meets the notice pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure and that any inconsistencies identified by the defendants regarding class definitions will be resolved in the context of a motion for class certification.

    Rule 12(e) of the Federal Rules of Civil Procedure provides, "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The granting of these motions is generally disfavored by district courts, given the liberal notice pleading standards of federal civil procedure and the accompanying nature of pretrial discovery. *See, e.g.*, *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007) ("Federal courts generally disfavor motions

for more definite statements. In view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions."); *Terrell v. Tecsec, Inc.*, No. 06-310, 2007 U.S. Dist. LEXIS 66788, at *24 (E.D. Ky. Sept. 7, 2007) ("Courts do not favor motions for more definite statements. A motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail." (internal citation and quotation omitted)).

The court finds plaintiffs' complaint meets the requirements of Fed. R. Civ. P. 8(a) and that a more definite statement is not warranted. The complaint adequately lays out this court's jurisdiction, a basis for relief under the FLSA and state law, and a demand for relief. Defendants' motion does not argue that plaintiffs' claim lacks these fundamentals of a well-pleaded complaint;[1] rather, defendants simply seek "a single class definition," [Doc. 23 at 4], arguing that the ill-defined and self-contradictory classes currently prohibit them from adequately responding to the complaint. But it is well-established that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically," Fed. R. Civ. P. 8(d)(2), and that "[a] party may state as many separate claims or defenses as it has, regardless of consistency," Fed. R. Civ. P. 8(d)(3). Moreover, a more definite statement is only warranted in extreme circumstances where the complaint is unintelligible, not simply because defendants seek greater detail or find the allegations inherently contradictory. *E.g.*, *Terrell*, 2007 U.S. Dist. LEXIS 66788, at *24. The inconsistencies, if any, in plaintiffs' class definitions will be resolved upon certification of the classes, should any issue. For the time being, "the Court is convinced Defendants can frame a responsive pleading to the allegations." *Velasquez v. HSBC Fin. Corp.*, No. 08-4592 SC, 2009 WL 112919, at *3 (N.D. Cal. Jan. 16, 2009). To the extent defendants find plaintiffs' class definitions inconsistent, they can

---

[1] Defendants' motion briefly argues whether there exists an employment relationship under the Fair Labor Standards Act, such that defendants would be liable, [Doc. 13 at 4], but the court finds that this cursory argument is not appropriately addressed in the context of a Rule 12(e) motion. Should defendants question the viability of plaintiffs' claims, these arguments are more appropriately addressed in a Rule 12(b) motion.

simply defend against that particular claim, even if their defenses are likewise inconsistent. Fed. R. Civ. P. 8(d)(3). Upon a motion for class certification, to the extent the court certifies a class, that class will be well-defined by the court, and defendants can adapt their defense accordingly.

In sum, the court finds that defendants can adequately respond to the complaint, and their defenses contingent on the class definition will be more appropriately addressed in the context of a motion for class certification as well as on the merits of plaintiffs' claims. Accordingly, Defendants' Motion for More Definite Statement [Doc. 12] is **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

  s/ Thomas W. Phillips  
United States District Judge