IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

JAN WATSON and JACK MITCHELL, on
behalf of themselves and all others similarly
situated,

                Plaintiffs,

v.

WESTGATE RESORTS, INC., WESTGATE        Civil Action No. 3:08-cv-516
RESORTS, LTD., WESTGATE RESORTS,
LTD., L.P., WESTGATE SMOKY
MOUNTAIN RESORT AT GATLINBURG,
INC., CFI SALES & MARKETING,
LTD.,CFI SALES & MARKETING,
LLC.,CFI SALES & MARKETING,
INC.,CENTRAL FLORIDA INVESTMENTS,
INC. Defendants.

_____/

## ORDER GRANTING JOINT STIPULATION ON PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION

THIS COURT after having reviewed the parties' Joint Stipulation on Plaintiffs' Motion for Conditional Class Certification pursuant to 29 U.S.C. §216(b) (Doc. 38) ORDERS as follows:

    1.      Plaintiffs' Motion for Conditional Class Certification pursuant to 29 U.S.C. §216(b) is APPROVED to the extent agreed by the parties in their Joint Stipulation of April 29, 2010.

    2.      The Court Notice agreed by the parties in their Joint Stipulation is APPROVED.

    3.      Defendants have 25 days from the date of this Order to provide Plaintiffs' counsel with the names and addresses of the following class members:

FORMER AND CURRENT SALES REPRESENTATIVES WHO WORKED AT WESTGATE'S SMOKY MOUNTAIN RESORT IN TENNESSEE FROM DECEMBER 29, 2005 TO DECEMBER 29, 2008 and

(1) Worked selling timeshares as sales representatives located at Defendants' timeshare resort in Tennessee;

(2) Were compensated solely on a "commission" basis, meaning that they did not receive any guaranteed minimum hourly or other compensation and only received compensation each week based upon the timeshare sales they completed;

(3) Worked in excess of 40 hours a week during certain weeks and did not receive overtime pay (time and one-half pay based upon their regular hourly rate) and/or who received less than a minimum wage of $5.15 per hour, or after July 23, 2007 $5.85 per hour, or after July 23, 2008 $6.55 per hour, for each non-overtime hour worked each week;

(4) Have not already filed a Consent to Join form in another FLSA case against Defendants for the same alleged FLSA violations.

4. Plaintiffs will have 20 business days from the receipt of the sales representative list to mail the Court approved Notice to the class members. The mailing of the Notice by Plaintiffs' counsel will be the only method of publication or distribution of the approved Notice available to the putative class. No other methods of publication or notices are approved for distribution to the putative class.

5. All sales representatives will have 90 days from the mailing of the notices to file their consent to join forms with the Clerk of the Court. Those consents filed after the expiration of the 90 days opt-in period will be deemed untimely and will be stricken from the record.

6. Those persons who have filed opt-out forms with the Court will not be included in the list provided to counsel.

7. Plaintiffs' request for a nationwide FLSA class is denied. The only class certified by this Court is the class defined in paragraph 3 of this Order.

**IT IS SO ORDERED.**

**ENTER:**

*Thomas H. Phillips*
UNITED STATES DISTRICT JUDGE